NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHNATHON DANIEL HOLGATE, *Appellant.*

No. 1 CA-CR 19-0609
FILED 8-18-2020

Appeal from the Superior Court in Yavapai County
No. P1300CR201801031
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Cynthia J. Bailey[1] joined.

---

**B R O W N**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Johnathon Holgate was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Holgate, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        On July 7, 2018, police responded to a 911 domestic violence call from R.J.'s home. While speaking with Officer Smith, R.J. told him there was no domestic violence issue, but she simply wanted Holgate to leave because he had been there for three days without permission and had caused damaged to her bedroom door, wall, and leather couch.

¶3        Sergeant K.O. and Officer M.S. arrived shortly thereafter and entered the home; Holgate was sitting on the couch at the time. Holgate then stood up and said he was going to "get a cigarette" in the garage. Officer M.S. told Holgate to sit back down because he was unsure if Holgate had access to weapons in the residence or in the garage. Holgate kept moving toward the garage, however, shoving Officer M.S. aside. Officer M.S. pushed Holgate back onto the couch and stated that he was under arrest. Both officers attempted to place Holgate in handcuffs but were unsuccessful until Officer Smith assisted them. During the struggle, Holgate allegedly bit Sergeant K.O. The State later indicted Holgate on felony charges of two counts of aggravated assault, one count of resisting

---

[1]    Judge Cynthia J. Bailey replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge Bailey has read the brief and reviewed the record.

arrest, one count of criminal trespass in the first degree, and a misdemeanor count of criminal damage.

¶4 At trial, the jury was presented with all counts except criminal damage, which was tried to the court after it ruled that Holgate was not entitled to a jury trial on that charge. The jury found Holgate not guilty on the aggravated assault charge involving Sergeant K.O., but guilty on the remaining charges. The court then determined that Holgate was guilty of criminal damage. At sentencing, the court found that the State did not prove Holgate had a historical prior felony conviction and sentenced him to concurrent presumptive prison terms for the felony convictions, the longest of which was 2.5 years, and time served for the misdemeanor conviction. Holgate was given credit for 448 days of presentence incarceration credit. This timely appeal followed.

¶5 After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Holgate was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Holgate's constitutional and statutory rights. We therefore affirm Holgate's convictions and sentences.

¶6 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Holgate of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Holgate has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

